UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARJAY VANCEAH,

                Plaintiff,                          Case No.:

      -against-                               **COMPLAINT**

NATIONAL RAILROAD PASSENGER      **JURY TRIAL DEMANDED**
CORPORATION d/b/a AMTRAK and
TIMOTHY DENTY,

                Defendants.
----------------------------------------------------------X

      Plaintiff Marjay Vanceah ("Vanceah" or "Plaintiff") hereby alleges the following, against Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") and Timothy Denty ("Denty") for gender discrimination and retaliation in violation of the New York City Human Rights Law, New York City Administrative Code § 8-107 ("NYCHRL"):

## PARTIES

1. Vanceach is a resident of Irvington, New Jersey, who is currently employed by Defendant National Railroad Passenger Corporation d/b/a/ Amtrak ("NRRC" or "Amtrak"). She has been employed by Amtrak since August 2017.

2. The National Railroad Passenger Corporation, doing business as Amtrak, is a passenger railroad service that provides medium- and long-distance intercity service in the contiguous United States and to nine Canadian cities, including local office at Amtrak - New York, Penn Station, Seventh Avenue & 32nd Street; Manhattan, NY 10001.

3. Amtrak receives annual appropriations from federal and state governments to supplement operating and capital programs.

4. Although, Amtrak's corporate headquarters are in Washington, D.C., the company does business in New York and maintains at business office in New York City where the acts complained of occurred.

5. Timothy Denty ("Denty") was a car inspector and chair of the union when the harassment, discrimination and retaliation against Plaintiff took place.

6. Denty was in charge of assigning overtime to the employees and he retaliated against Plaintiff because of complaints of harassment and retaliation and because Plaintiff refused to enter into a relationship with Denty when Plaintiff reported the incidents of harassment and retaliation to Amtrak. Various employees of Amtrak aided and abetted Denty's acts of retaliation and harassment.

## JURISDICTION AND VENUE

7. Ms. Vanceah is a citizen of the State of New Jersey for purposes of jurisdiction.

8. Amtrak is a corporation with headquarters in Washington, D.C. and doing business with offices in the State of New York for purposes of jurisdiction.

9. The incident occurred in the State of New York, County of New York.

10. This Court has original jurisdiction over this matter, exclusive of interest and costs.

11. This court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964.

12. Venue is proper in this Court in that the incidents occurred in New York County and the Defendant is subject to personal jurisdiction in this County. All, or substantially all, of the events and circumstances giving rise to the instant Complaint occurred in the State of New York, County of New York and therefore venue is appropriate under Title 28 U.S.C. Section 1391 (b) (2) and (c).

13. This is an action to redress the deprivation by the defendants of the plaintiff's civil rights, and in particular her right to be free from illegal invidious and damaging discrimination and retaliation in her employment on account of her sex, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. Section 2201 and 2202.

14. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Section 1331 and 1343 (3), and by Title 42 U.S.C. Section 2000 (e).

15. The Court is empowered to consider the claims outlined in any Count herein under the doctrine of pendent jurisdiction.

16. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, and in particular:

    A. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 18, 2018 and said charges were cross-filed with the New York State Division of Human Rights ("NYSDHR");

    B. The EEOC issued Notice of Right to Sue dated July 25, 2018.

17. A JURY TRIAL IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## NATURE OF THE CASE

18. This case arises from violations by Defendants of Title VII and the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* NATIONAL

RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and TIMOTHY DENTY unlawfully harassed, discriminated against and retaliated against Ms. Vanceach and sabotaged her position within the Amtrak after she refused Defendant Denty's sexual advances and complained about them.

## COUNT ONE

### (Discrimination, Harassment and Retaliation by Defendant Amtrak in Violation of Title VII and the New York City Human Rights Law)

19. Plaintiff started working for Amtrak. She met Denty, chair of the union at Amtrak. He offered to help her in terms of transitioning into her new position. Denty used his position to be of help to her. He coached her in terms of how to utilize union.

20. When Ms. Vanceach saw Denty during one chance encounter she asked about the union. He told her to give him her contact number, so he would be able to contact her. She complied. He then texted her to see how she was doing and asked if she had any concerns. He told her he would look into her concerns.

21. She had been employed by Amtrak since August 201t. During her orientation she was told she had a six-month probation period and that lateness and absences were taken very seriously; and that during that period of time that she would probably make little or no overtime. Due to train delay, while on probation, she realized she was going to be late for work. She called Latasha who was not available. She called Denty and told him of her problem and he offered to pick her up. Denty showed up with Jason Pope, another worker in the car. He dropped her off at her job.

22. She later received a text from Denty asking to take her out and she was concerned that this would not be in her best interest since she just started the job.

23. On October 25, 2017 Denty asked to take her out for her birthday. She reiterated that because of a person in his position, it would not be received favorably in the work environment.

24. She started to receive daily overtime assignments and received complaints from co-workers that because she was on probation she should not be getting overtime.

25. Denty approached her again about a birthday date. She explained that she lived in Pennsylvania and that she had a child and that it would be difficult. She initially agreed but got back to him and said she had to cancel.

26. While at home at 10:00 pm in Pennsylvania, Ms. Vanceach got a knock at the door. It was Denty. She said she notified him that she would not be able to have a date with him. He told her that he came all the way from Brooklyn to Pennsylvania and it would be unrealistic to go back. She offered her daughter's room.

27. She was awakened by in the morning with Denty's head between her legs. When she complained he assured her he was not going to touch her. At 6:00 a.m. she was again awakened to find Denty on top of her. She reminded him about how the other workers would feel about him having a sexual relationship with her. She pleaded with him to stop. He said he would give her overtime and other things that no one else could do.

28. She took it upon herself to have no further contact and texting with Denty. Denty told her that because of the overtime he was making available to her, she had a sexual responsibility to him.

29. While in her job assignments Denty would aggressively appear.

30. In mid-December 2017 Denty sent a picture of his penis to Ms. Vanceach via cell phone. She showed the picture to co-worker Lawrence Sealy.

31. On New Year's Day 2018, Denty said to Ms. Vanceah "you're not going to give me a New Year's kiss." He continued by saying, you liked it when "I ate your p----y." Denty instructed her that he did not want her to talk to any of the other men at the job. Denty became angry with her and had all her overtime cut off. When she spoke to her foreman about the stoppage of overtime, she was told that Denty instructed Jennifer not to give her anymore overtime.

32. On February 20, 2018, Ms. Vanceach completed probation. She now gained the status of a permanent employee. She told a supervisor, Veronica about what happened with Denty and overtime, and Veronica called the superintendent, Chris Barnes, who said that Ms. Vanceach had to call the ethics hotline. Ms. Vanceach called the hotline and they took her complaint. She provided the hotline with copies of the texts between her and Denty. The ethics hotline said that they would give Ms. Vanceach updates every 30-days. Since she filed the complaint, Ms. Vanceach has not received any updates.

33. Denty had some personal video clips on plaintiff's social media page and he released it to the job population.

34. Ms. Vanceach spoke to Amtrak EEO. Denty did not deny that he sent the picture, he said that it was sent accidentally. He said it was intended for his Dominican girlfriend. During the EEO investigation, Jennifer communicated that she did not want to be involved in any of this, and plaintiff has not received any overtime from Jennifer up to this date. She filed grievance with Shelton Gray. He never filed the grievance. Gray said it was not filed because it was not notarized. She later learned that Denty told Gray not to file the grievance. Gray is no longer a union representative.

35. Ms. Vanceach refused to talk to Denty and avoided him. Denty was told to vacate any of the premises where plaintiff worked. Ms. Vanceah contacted the union and they refused to intervene.

36. She also reported the sexual harassment to the Amtrak police.

37. Amtrak and Denty discriminated against Ms. Vanceach on the basis of her gender by making her deserved overtime contingent upon having a sexual relationship with Denty. Amtrak and Denty thereafter retaliated against Ms. Vanceach when she refused to have a sexual relationship with Denty. Amtrak through its agents, servants, employees, and/or associates aided and abetted the discrimination and retaliation by Denty by failing to take reasonable measures to protect Ms. Vanceach from, and condoning, the unlawful conduct. Amtrak through its agents, servants, employees, and/or associates further retaliated against Ms. Vanceach by refusing to give her promised overtime for which she was entitled.

## COUNT TWO

### (Discrimination, Retaliation and Harassment by Defendant Denty in Violation of Title VII and the New York City Human Rights Law)

38. Ms. Vanceach incorporates by reference all preceding allegations as though fully set forth herein.

39. Title VII and he New York City Human Rights Law prohibits unlawful discrimination, harassment and retaliation.

40. Defendant Denty, as an employee of Amtrak and as Chairman of the union at the time of the above complaints through the present was a supervisor/manager and decision-maker regarding Ms. Vanceach and he was responsible for ensuring a work place free of discrimination and retaliation.

41. Defendant Denty knowingly and willfully violated Title VII and the NYCHRL by engaging in intentional discrimination, harassment and retaliation with malice and reckless indifference to Ms. Vanceah's rights.

42. As a direct and proximate result of Defendant Denty's conduct, Ms. Vanceach has suffered damage to her career path, adverse job consequences, including economic damages, and continues to suffer damages, including severe mental, physical and emotional stress, pain and suffering, anxiety, stress, humiliation, personal sickness, loss of enjoyment of life and damage to her reputation and career.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Vanceach respectfully prays for the following:

A. Damages, including general and special damages, in an amount to be determined at trial;

B. Compensatory damages for all back and future loss of wages, lost income, benefits, retirement losses, stock benefit losses, pain and suffering, stress, humiliation, mental anguish, emotional harm and personal physical injury and physical sickness, as well as damage to her reputation, damage to career path, and loss of income stemming therefrom;

C. Punitive damages;

D. Attorney's fees, pre- and post-judgment interest, reimbursement for negative tax consequences of a judgment and costs of suit;

E. Reimbursement of expert witness fees and costs; and

F. An order awarding Ms. Vanceach such other and further relief as the Court deems just and proper.

Dated: October 13, 2018

                                              THE LAW OFFICE OF RENÉ MYATT

                                              _/s/ René Myatt_
                                              RENÉ MYATT, ESQ.
                                              *Attorney for Plaintiff – Marjay Vanceach*
                                              204-04 Hillside Avenue, 2nd Floor
                                              Hollis, New York 11423
                                              (718) 468-3588
                                              myattlegal@aol.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Marjay Vanceach demands a jury trial of all triable issues.

Dated: October 13, 2018

                                              THE LAW OFFICE OF RENÉ MYATT

                                              _/s/ René Myatt_
                                              RENÉ MYATT, ESQ.
                                              *Attorney for Plaintiff – Marjay Vanceach*
                                              204-04 Hillside Avenue, 2nd Floor
                                              Hollis, New York 11423
                                              (718) 468-3588
                                              myattlegal@aol.com