UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARJAY VANCEAH,<br><br>               Plaintiff,<br><br>-against-<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK and TIMOTHY<br>DENTY,<br><br>               Defendants. | Civil Action No. 18-cv-09418 (ER)<br><br>**STIPULATED CONFIDENTIALITY,<br>PROTECTIVE, AND CLAWBACK<br>ORDER** |

WHEREAS, the parties in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials; and

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" or "For Counsel Only Information" will be disclosed only as provided herein;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

WHEREAS, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether

pursuant to a Court Order, a parties' discovery request or informal production.

WHEREAS, the parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, and need the additional protections of a Court Order under Federal Rules of Evidence 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

a. was not inadvertent by the Producing Party;

b. that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

c. that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

d. that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" or "For Counsel Only Information" on the terms set forth herein, as well as an Order, pursuant to Fed. R. Evid. 502, governing the return of inadvertently produced documents and data and affording them the protections of Fed. R. Evid. 502(d) and (e), on the terms set forth herein.

1.  DEFINITIONS

1.1  Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

1.2  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3  Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

1.4  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.5  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  A person defined as an expert pursuant to this Stipulation does not constitute an admission of qualifications or admissibility as an expert pursuant to the Federal Rules

of Civil Procedure and Federal Rules of Evidence.

1.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

1.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

IT IS HEREBY STIPULATED AND AGREED THAT:

2.    This Protective Order will be entered pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502.

3.     Among other things, this Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

4.     "Confidential Information" may mean any trade secret, proprietary business information, or other confidential research, development, personal customer information, or commercial information entitled to protection as now or hereafter interpreted by the Courts, attorney work product, and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action. "Confidential Information" also may mean personnel records, medical information, financial records, or pay and benefits information. "Confidential Information" shall mean any information or documents relating to plaintiff's or a third party's medical or financial records.

5.     "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

6.     DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.  Plaintiff's or a third party's medical or financial records shall be deemed Confidential Discovery Material without any further designation being required.  As for any other documents or information for which any party seeks to have deemed to be confidential discovery material, the following process shall apply as follows.

a.  Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by:  (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

b.  With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript.  Only those portions of each transcript designated as "Confidential" in this action shall be deemed "Confidential" material.  All transcripts of depositions or other pre-trial testimony shall be deemed to be "Confidential" until the end of the thirtieth (30)

day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter; and

c.   To the extent that matter stored or recorded in form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party and Parties may designate such material as "Confidential" material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

d.   Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation.  The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

8.   Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

9.   Confidential Discovery Material and all copies thereof:

a.   shall be disclosed only to:

i.   the Court;

ii.   attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

iii.   parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the

Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

iv. persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of defendant, but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

v. witnesses or any other person for case related purposes, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A.

vi.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vii.  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); the author or recipient of a document

containing the information or a custodian or other person who otherwise possessed or knew the information.

viii.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

b.      shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

c.      Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate to appropriate modifications and exceptions to this Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 12.

10.     This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

11.     The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 6 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

12.     If a party, or a non-party that produced documents or things or gave a deposition upon oral examination or written questions, concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion.  Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality.  If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material under this Order until such time as the Court has ruled on the Designating Party's immediate motion under Fed. R. Civ. P. 5.2, and/or Local Rules for the U.S. District Court for the Eastern and Southern Districts of New York to file such documents under seal.  A party (individually or through its agent) may disclose Confidential Information that pertains to that party without compliance with the terms of this Order.

13.     If a party wishes to file a Document with the Court containing information which has been designated by the other party as Confidential Information, the concerned parties shall confer in good faith in order to determine whether the document may be filed in a manner that protects the Confidential Information, such as by redaction.  If the parties cannot agree, such document shall be included in a separate appendix that shall contain all Confidential Information to be filed with the motion.  The separate appendix shall be served with the motion papers, but shall not be filed with the Court until either the Designating Party waives any objection to the

filing, or until such time as the Court has ruled on the Designating Party's immediate motion under Fed. R. Civ. P. 5.2, and/or Local Rules for the U.S. District Court for the Eastern and Southern Districts of New York to file such documents under seal.

14.     By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information or to object to the designation of any document or information as "Confidential Information".

15.     The provisions of this Stipulation shall not terminate at the conclusion of this action.  At the conclusion of the above-captioned action, including exhaustion of all appeals, the Receiving Party shall, at its cost, either destroy such Confidential Information or, if it chooses to maintain such information, the Receiving Party shall, at its cost, destroy such Confidential Information at the end of three years and six months following such conclusion of said action. However, the Producing Party may instead request the return of all of the Producing Party's documents which contain Confidential Information to the Producing Party, including all copies of such documents which may have been made, but not including any notes or other attorney work product.  Notwithstanding the foregoing, it shall not be a violation of this Order for a Party to continue to retain Confidential Information, the retention of which is required by law.

16.     If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

17. Pursuant to Fed. R. Evid. 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a. "Producing Party" shall mean any party that produces a Document, as defined above, to another party in this matter.

b. "Receiving Party" shall mean any party that receives a Document, as defined above, from another party in this matter.

c. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

d. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

e. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by

the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

f.   If, during the course of this litigation, a party determines it has produced a Protected Document:

    i.   the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    ii.   The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

g.  To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Paragraphs 17(e)(ii) and 17(f)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

h.  The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

   i.  the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

   ii.  the disclosure of the Protected Documents was not inadvertent;

   iii.  the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

   iv.  the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

i.  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules.

. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

j.    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

k.    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

l.    By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Fed. R. Evid. 502 (d) and (e).

18.    Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

Date:   February __, 2020
        Holis, New York

_____
René Myatt, Esq.
The Law Office of René Myatt
204-04 Hillside Avenue, 2nd Floor
Holis, NY 11423
*Attorneys for Plaintiff*


Date:   February 20 2020
        Melville, New York

_____
Lisa M. Griffith
Kelly C. Spina
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700
*Attorneys for Defendant*
   *National Railroad Passenger Corporation*
   *d/b/a Amtrak*


Date:   February __, 2020
        New York, New York

_____
Vikrant Pawar, Esq.
PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Defendant Timothy Dendy*
*(incorrectly named as Timothy Denty)*


Dated this ___, day of _____, 2020

**SO ORDERED:**


_____
**Hon. Edgardo Ramos, U.S.D.J.**

Date: February __, 2020                    _____
Holis, New York                            René Myatt, Esq.
                                           The Law Office of Rene Myatt
                                           204-04 Hillside Avenue, 2nd Floor
                                           Holis, NY 11423
                                           *Attorneys for Plaintiff*


Date: February __, 2020                    _____
Melville, New York                         Lisa M. Griffith
                                           Kelly C. Spina
                                           LITTLER MENDELSON, P.C.
                                           290 Broadhollow Road
                                           Suite 305
                                           Melville, NY 11747
                                           631.247.4700
                                           *Attorneys for Defendant*
                                           *National Railroad Passenger Corporation*
                                           *b/b/a Amtrak*

                                           _____
Date: February __, 2020                    Vikram Pawar, Esq.
New York, New York                         PAWAR LAW GROUP P.C.
                                           20 Vesey Street, Suite 1210
                                           New York, New York 10007
                                           *Attorneys for Defendant Timothy Dendy*
                                           *(incorrectly named as Timothy Denty)*


Dated this 27, day of ___February___, 2020

**SO ORDERED:**

_____
**Hon. Edgardo Ramos, U.S.D.J.**

-19-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARJAY VANCEAH, | Civil Action No. 18-cv-09418 (ER) |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| -against- | |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and TIMOTHY DENTY, | |
| Defendants. | |

It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in Civil Action No.: 18-cv-09418 (ER), *Marjay Vanceah v. National Railroad Passenger Corporation, d/b/a Amtrak, and Timothy Denty* and I have reviewed the confidentiality order entered by the Court on _____, 2020.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____          Signed: _____


Name: _____