UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARJAY VANCEAH,

                Plaintiff,        Case No.: 18-cv-09418 (ER)

  -against-

NATIONAL RAILROAD PASSENGER    **PLAINTIFF'S RESPONSE TO**
CORPORATION d/b/a AMTRAK and    **FIRST SET OF DOCUMENT**
TIMOTHY DENTY,                              **REQUESTS**

                        Defendants.
------------------------------------------------------X

       Plaintiff, MARJAY VANCEACH, by her attorney THE LAW OFFICE OF RENÉ MYATT hereby responds to defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("AMTRAK") Document Requests as follows:

1. **DOCUMENT REQUEST NO. 1.** All documents concerning your employment with Amtrak, including, but not limited to, your job responsibilities and duties, assignments, job descriptions, training, status, remuneration, and terms and conditions of employment.

    **Response:** Plaintiff will produce copies of documents. *Paystubs.*

2. **DOCUMENT REQUEST NO. 2.** All documents concerning your hours worked for Amtrak, such as work schedules, overtime offered, overtime accepted, and overtime rejected, including, but not limited to, logs, diaries, timecards, text messages, e-mails, or other correspondence.

    **Response:** Other than what plaintiff has provided to Document Request No. 1, following a reasonable search, plaintiff has not identified any documents responsive to this request.

3. **DOCUMENT REQUEST NO. 3.** All documents concerning Plaintiffs job performance during her employment with Amtrak, including, but not limited to, any formal or informal job performance evaluations, promotions, commendations, reprimands, any formal or informal counseling or coaching, warnings, and/or disciplinary actions.

**Response:** Plaintiff objects to this entire request as overbroad, irrelevant and fails to limit its request to a specific timeframe. Based on the objection materials have been withheld.

4. **DOCUMENT REQUEST NO. 4.** All documents concerning Amtrak's employment policies or procedures applicable to Plaintiffs employment with Amtrak, including but not limited to, any policies regarding schedules, leave of absences, transfers, work rules, codes of conduct, personnel policies or guidelines, anti-harassment, anti-discrimination, or anti-retaliation policies and procedures, disciplinary guidelines or procedures, and employee complaint processes and procedures.

**Response:** Plaintiff will produce copies of documents. *Employee handbook.*

5. **DOCUMENT REQUEST NO. 5.** All documents concerning any complaints Plaintiff made, or which were made on her behalf, concerning any of the facts alleged in the Complaint to any local, state or federal government agents, entities, bodies, agencies or commissions, including but not limited to, the United States Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the New York Department of Labor, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

**Response:** Plaintiff will produce copies of documents. *EEOC documents.*

6. **DOCUMENT REQUEST NO. 6.** All documents, including communications, concerning any and all reports or complaints of discriminatory, retaliatory, and/or harassing treatment Plaintiff made to anyone at Amtrak, including, but not limited to, Employee Relations, supervisors, or union representatives, in connection with her employment with Amtrak, including, but not limited to, any letters, charges, notes, memoranda, e-mails, text messages or other electronic media.

**Response:** Plaintiff made oral complaints to Amtrak's Human Resources ("HR"), the union and Amtrak Police. Following a reasonable search, plaintiff is not in possession of any documents responsive to this request.

7. **DOCUMENT REQUEST NO. 7.** To the extent Plaintiff identifies any complaints in response to the immediately preceding request, produce all documents concerning Amtrak's response to Plaintiffs alleged complaints of discrimination, retaliation, and/or harassment.

**Response:** Following a reasonable search, plaintiff is not in possession of any documents responsive to this request.

8. **DOCUMENT REQUEST NO. 8.** All documents, including communications concerning any and all complaints that Plaintiff made to Amtrak Police Department in connection with her employment with Amtrak, including, but not limited to, any letters, charges, notes, memoranda, e-mails, texts or other electronic media.

    **Response:** Plaintiff made oral complaints to Amtrak Police. Following a reasonable search, plaintiff is not in possession of any documents responsive to this request.

9. **DOCUMENT REQUEST NO. 9.** All documents, including communications, concerning any and all complaints and/or grievances that Plaintiff made to the Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices ("JCC") in connection with her employment with Amtrak, including, but not limited to, any letters, charges, notes, memoranda, e-mails, text messages or other electronic media.

    **Response:** Following a reasonable search, plaintiff has not identified any documents responsive to this request.

10. **DOCUMENT REQUEST NO. 10.** Copies of any personal calendars, business calendars, appointment records, diaries, agendas, schedules or journals or any other similar or related record kept or created by Plaintiff from August 1, 2017 through the present, whether in paper or electronic format.

    **Response:** Plaintiff objects to this request as overbroad and irrelevant. The request fails to specify any documents that pertain to either Amtrak or Dendy, or the sexual harassment claims which are the subject of this lawsuit. Plaintiff is not withholding any responsive materials based on this objection.

11. **DOCUMENT REQUEST NO. 11.** All documents concerning Plaintiff's activity on any social media (including, but not limited to, Twitter, Facebook, Instagram, YouTube, and LinkedIn) concerning the allegations in the Complaint, the subject matter of this action, the claims or defenses in this action, and/or the injuries in this action, including, but not limited to, any comments, postings, updates, photographs or other entries.

**Response:** Plaintiff shall make such electronically stored information available at The Law Office of René Myatt 204-04 Hillside Avenue, 2nd Floor; Hollis, NY 11423 at a date and time convenient to all counsel.

12. **DOCUMENT REQUEST NO. 12.** All documents concerning any civil actions or administrative proceedings initiated by Plaintiff or against Plaintiff, or in which Plaintiff has otherwise been a party, including without limitation, all petitions, complaints, charges, settlement agreements, orders, or other records, in the past ten years.

**Response:** Plaintiff objects to the entire request made herein as the timeframe for the past ten years is overbroad, as plaintiff did not work for Amtrak for longer than two years. Any other requests for civil actions initiated by the plaintiff or against the plaintiff are overbroad, vague and irrelevant. No responsive materials are being withheld based on this objection.

13. **DOCUMENT REQUEST NO. 13.** All documents concerning any criminal actions or administrative proceedings initiated by Plaintiff or against Plaintiff, or in which Plaintiff has otherwise been a party, including without limitation, all petitions, complaints, charges, settlement agreements, orders, indictments, or other records, in the past ten years.

**Response:** Plaintiff objects to the entire request made herein as the timeframe is overbroad, vague and irrelevant. Any other requests for criminal actions initiated by the plaintiff or against the plaintiff are overbroad, vague, irrelevant and prejudicial. No responsive materials are being withheld based on this objection. No responsive materials are being withheld based on this objection.

14. **DOCUMENT REQUEST NO. 14.** All documents concerning any alleged sex-based discrimination or harassment that Plaintiff claims to have suffered in connection with her employment with Amtrak.

**Response:** Plaintiff has previously produced these documents as it relates to Dendy.

Plaintiff is not in possession of any other documents responsive to this request.

15. **DOCUMENT REQUEST NO. 15.** All documents concerning any alleged retaliation that Plaintiff claims to have suffered in connection with her employment with Amtrak.

    **Response:** Plaintiff made oral complaints to HR regarding retaliation. Plaintiff is not in possession of any documents responsive to this request.

16. **DOCUMENT REQUEST NO. 16.** All documents concerning the termination of Plaintiff's employment.

    **Response:** Plaintiff will produce copies of documents.

17. **DOCUMENT REQUEST NO. 17.** All documents concerning communications between Plaintiff and any person, including but not limited to any current or former employee or agent of Defendant, other than Plaintiff's lawyers, concerning any alleged harassment, discrimination, and/or retaliation that Plaintiff claims to have been subjected to in connection with her employment with Amtrak, or that otherwise concern her allegations in this action or her employment with Amtrak.

    **Response:** Plaintiff made oral complaints to Amtrak employees, co-workers, which have been identified in Plaintiff's Frist Set of Interrogatories. Plaintiff has previously produced documents responsive to this request, which consisted of text messages.

18. **DOCUMENT REQUEST NO. 18.** All recordings (audio and video) concerning the allegations in the Complaint, the subject matter of this action, the claims or defenses in this action, and/or the injuries in this action, including, but not limited to, recordings of any conversations between Plaintiff and anyone other than her attorney.

    **Response:** Following a reasonable search, plaintiff has not identified any documents responsive to this request.

19. **DOCUMENT REQUEST NO. 19.** All documents concerning any conversation, correspondence, communication or meeting between Plaintiff and any other individual aside from her attorney (including, but not limited to, any current or former employee of Amtrak) concerning the allegations in the Complaint, the subject matter of this action, the claims or defenses in this action, and/or the injuries in this action.

    **Response:** Plaintiff met with Amtrak's HR and Amtrak Police. Plaintiff has previously provided all documents related to this request.

20. **DOCUMENT REQUEST NO. 20.** All documents, including communications, concerning any and all efforts by Plaintiff to obtain employment or compensation of any kind for services rendered, with any employer or entity, including any documents concerning the results of those efforts *(e.g.,* Plaintiffs obtaining or refusing employment), after the termination of Plaintiffs employment with Amtrak through the date of trial in this action. This includes, but is not limited to, any correspondence, resumes, employment applications, notes, letters of recommendation or internet postings.

    **Response:** Plaintiff will produce copies of documents. *Letter from new employer.*

21. **DOCUMENT REQUEST NO. 21.** For every employment, independent contractor or other relationship Plaintiff established which resulted in compensation of any kind for services rendered after the termination of Plaintiffs employment with Amtrak, produce: (a) all documents relating to the position held (including job duties and responsibilities) and the remuneration received (including any compensation or insurance, fringe or other benefits); and (b) an authorization for the release of Plaintiffs employment records. A blank authorization to be completed separately for each such entity for the release to Defendant of such records is attached as **Exhibit A.**

    **Response:** No authorization was attached to this document request.

22. **DOCUMENT REQUEST NO. 22.** To the extent not otherwise produced in response to requests above, all documents that evidence, reflect, or show any efforts Plaintiff has made to minimize her alleged economic damages.

    **Response:** See Plaintiff's response to Document Request No. 20.

23. **DOCUMENT REQUEST NO. 23.** Produce all documents concerning any income or earnings received by Plaintiff, whether from employment, self-employment, or otherwise, including, but not limited to, Plaintiffs federal, state and city (if applicable) income tax returns, including all schedules and attachments, W-2 forms and 1099 forms, for the years 2016 through the date of trial in this action.

    **Response:** Plaintiff will produce copies of documents. *Income Tax Returns.*

24. **DOCUMENT REQUEST NO. 24.** Produce all documents concerning Plaintiffs application for and, if applicable, receipt of, unemployment insurance benefits from February 2019 to the date of trial in this action. An authorization to be completed for the release to Defendant of such records is attached at **Exhibit B.**

**Response:** No authorization was attached to this document request. Plaintiff will produce copies of unemployment compensation documents. *Unemployment correspondence.*

25. **DOCUMENT REQUEST NO. 25.** Produce all documents concerning Plaintiffs application for and, if applicable, receipt of workers' compensation benefits, short-term or long-term disability benefits, state disability benefits, social security benefits or any other government- provided benefit, from February 2019 to the date of trial in this action. Authorizations to be completed for the release to Defendant of such records are attached at **Exhibit C.**

    **Response:** Plaintiff did not receive workers compensation benefit, or social security benefits or any other government benefit, other than what has been responded to in Document Request No. 24. Plaintiff has no other documents responsive to this request.

26. **DOCUMENT REQUEST NO. 26.** All documents, including all records, office or practitioners' notes, charts and reports, from all psychologists, psychiatrists, physicians, therapists, social workers, counselors or other physical or mental health practitioners, providers or facilities, including, without limitation, rehabilitation, substance abuse, or mental health clinics or facilities, from whom Plaintiff sought or received treatment, consultation, diagnosis, examination, counseling or prescription between January 1, 2011 and the date of trial in this action. Authorizations to be completed for the release to Defendant of such records from each and every physical and/or mental health care provider are attached at **Exhibit D.**

    **Response:** Plaintiff objects to this demand as overbroad and irrelevant. This request fails to identify any relationship to the claims made in the Complaint. Plaintiff did not seek treatment, counseling, consultation of any kind from any therapist, clinic, social worker, mental health practitioners or any other professional articulated in this request.

27. **DOCUMENT REQUEST NO. 27.** Any written statement by any current or former employee or agent of any Defendant and/or by any person or witness concerning the subject matter of Plaintiffs claims made by any person, whether Plaintiff intends to call that witness at trial or not.

    **Response:** Following a reasonable search, plaintiff has not identified any documents responsive to this request.

28. **DOCUMENT REQUEST NO. 28.** All documents, written statements, reports and/or affidavits from any expert retained by Plaintiff in connection with this litigation, and any and all documents concerning such statements, reports, or affidavits, including without limitation, (a) any documents supplied to, reviewed by, considered by, or relied upon by Plaintiffs experts in preparing their opinions and/or reports, (b) the curriculum vitae of each expert retained by Plaintiff, and (c) any documents about which the expert is aware which contradict and/or undermine his/her opinion or report. For the purposes of this request, the term "expert" includes treating physicians and other healthcare providers.

    **Response:** Plaintiff has not as yet designated an expert but intends to employ a damages

    expert who will testify as the plaintiff's lost earnings and loss of employability.

29. **DOCUMENT REQUEST NO. 29.** All documents concerning any damages to which Plaintiff claims she is entitled in this action, including, but not limited to, medical bills, lost earning statements, and any special damages.

    **Response:** Plaintiff has produced documents (paystubs), herein, which are also

    responsive to this request.

30. **DOCUMENT REQUEST NO. 30.** All other documents upon which Plaintiff intends to rely, in whole or in part, in connection with any claim asserted in the Complaint, including those that may refute any of the claims asserted in the Complaint, any defense asserted in Defendant's Answer, and any documents intended to be used solely for impeachment or rebuttal at any trial or hearing in this matter.

    **Response:** Plaintiff is not in possession of nor is she aware of any other documents

    regarding this request other than what has been provided.

31. **DOCUMENT REQUEST NO. 31.** All documents identified in or utilized in the preparation of Plaintiffs Answers to Amtrak's First Set of Interrogatories to Plaintiff.

    **Response:** Plaintiff has herein produced all documents utilized in preparation of First Set

    of Interrogatories.

32. **DOCUMENT REQUEST NO. 32.** All documents relating to any claims of discrimination, harassment, and/or retaliation that Plaintiff has asserted over the past 10 years against any former or current employer.

**Response:** Plaintiff objects to this entire request as regards any claims of discrimination, harassment, and/or retaliation that plaintiff has asserted former employer or current, as overbroad, irrelevant and beyond the scope of the claims asserted in the Complaint. Plaintiff has not withheld any materials relative to this request.

33. **DOCUMENT REQUEST NO. 33.** Produce all documents concerning the allegation in Paragraph 6 of the Complaint that Dendy "was in charge of assigning overtime to the employees."

    **Response:** Plaintiff does not have any documents, only the oral statements made by plaintiff's co-worker(s), persons already identified in plaintiff's first set of interrogatories.

34. **DOCUMENT REQUEST NO. 34.** Produce all documents concerning the allegation in Paragraph 6 of the Complaint that Dendy "retaliated against Plaintiff because of complaints of harassment and retaliation and because Plaintiff refused to enter into a relationship with [Dendy] when Plaintiff reported the incidents of harassment and retaliation to Amtrak."

    **Response:** Plaintiff will produce copies of documents. Other than texts plaintiff does not have any documents related to Dendy's retaliation other than verbal statements made by him and the orchestrated retaliatory behavior Dendy had some of plaintiff's co-workers engage in with her.

35. **DOCUMENT REQUEST NO. 35.** Produce all text messages relating to the allegations in the Complaint, including, but not limited to the text messages referenced in Paragraphs 22 and 30 of the Complaint.

    **Response:** Plaintiff has previously provided copies of text message.

36. **DOCUMENT REQUEST NO. 36.** Produce all documents concerning the allegations in Paragraph 23 of the Complaint that "[Dendy] asked to take [Plaintiff] out for her birthday" and "[Plaintiff] reiterated that because of a person in [Dendy's] position, it would not be received favorably in the work environment."

    **Response:** Plaintiff has previously provided text messages.

37. **DOCUMENT REQUEST NO. 37.** Produce all documents concerning the allegation in Paragraph 24 of the Complaint that Plaintiff "received complaints from co-workers that because she was on probation, she should not be getting overtime."

    **Response:** Plaintiff is not in possession of any documents related to this request, as the "complaints" were verbal.

38. **DOCUMENT REQUEST NO. 38.** Produce all documents concerning the allegations in Paragraph 25 of the Complaint that Dendy "approached [Plaintiff] again about a birthday date" and that "[Plaintiff] explained that she lived in Pennsylvania and that she had a child and that it would be difficult."

    **Response:** Plaintiff has produced texts related to the allegations herein, as regards this request, the communication exchange was verbal.

39. **DOCUMENT REQUEST NO. 39.** Produce all documents concerning the allegations in Paragraph 26 of the Complaint that "[w]hile at home at 10:00 p.m. in Pennsylvania, [Plaintiff] got a knock at the door;" that [i]t was [Dendy];" that [Plaintiff] notified him that she would not be able to have a date with him;" and that [Dendy] told [Plaintiff] that he came all the way from Brooklyn to Pennsylvania and it would be unrealistic to go back."

    **Response:** Plaintiff has produced texts messages related to the claims herein. The communication between plaintiff and Dendy was verbal as well.

40. **DOCUMENT REQUEST NO. 40.** Produce all documents concerning the allegations in Paragraph 27 of the Complaint that "[Plaintiff] was awakened ... with [Dendy's] head between her legs;" that "[a]t 6:00 a.m. she was again awakened to find [Dendy] on top of her;" that [Plaintiff] reminded him about how the other workers would feel about him having a sexual relationship with her;" that "[Plaintiff] pleaded with him to stop;" and that "[Dendy] said he would give [Plaintiff] overtime and other things that no one else could do."

    **Response:** Plaintiff has no documents related to this request. The communication between plaintiff and Dendy was verbal.

41. **DOCUMENT REQUEST NO. 41.** Produce all documents concerning the allegations in Paragraph 28 of the Complaint that "[Plaintiff] took it upon herself to have no further contact and texting with [Dendy]" and "[Dendy] told [Plaintiff] that because of the overtime he was making available to her, she had a sexual responsibility to him."

    **Response:** Plaintiff has no documents related to this request. Communication between plaintiff and Dendy was verbal.

42. **DOCUMENT REQUEST NO. 42.** Produce all documents concerning the allegation in Paragraph 29 of the Complaint that "[w]hile in her job assignments, [Dendy] would aggressively appear."

**Response:** Plaintiff has no documents related to this request. Dendy's communications and actions were verbal.

43. **DOCUMENT REQUEST NO. 43.** Produce all documents concerning the allegations in Paragraph 30 of the Complaint that "[i]n mid-December 2017 [Dendy] sent a picture of his penis to [Plaintiff] via cell phone" and "[she] showed the picture to co-worker Lawrence Sealy," Including, but not limited to, a copy of the message.

**Response:** Plaintiff has previously produced the text messages requested herein, along with a picture of Dendy's penis. There are no documents regarding plaintiff's conversation with Lawrence Sealy.

44. **DOCUMENT REQUEST NO. 44.** Produce all documents concerning the allegations in Paragraph 31 of the Complaint that Dendy said to Plaintiff "you're not going to give me a New Year's kiss" and "you liked it when I ate you p—y;" that [Dendy] instructed [Plaintiff] that he did not want her to talk to any of the other men at the job;" that Dendy "became angry with her and had all her overtime cut off;" that [w]hen she spoke to her foreman about the stoppage of overtime, she was told that [Dendy] instructed Jennifer not to give her anymore overtime."

**Response:** Plaintiff does not have any documents related to this request as conversations with Dendy and her foreman were verbal.

45. **DOCUMENT REQUEST NO. 45.** Produce all documents concerning the allegations in Paragraph 32 of the Complaint that Plaintiff "provided the hotline with copies of the texts between her and [Dendy]" and that "[t]he ethics hotline said that they would give [her] updates every 30-days."

**Response:** Plaintiff has previously produced copies of texts related to this request.

46. **DOCUMENT REQUEST NO. 46.** Produce all documents concerning the allegation in Paragraph 33 of the Complaint that Dendy "had some personal video clips on plaintiff's social media page and he released it to the job population."

**Response:** Plaintiff has no documents related to this request.

47. **DOCUMENT REQUEST NO. 47.** Produce all documents concerning the allegation in Paragraph 34 of the Complaint that Dendy "did not deny that he sent the picture, he said that it was sent accidentally" and that "it was intended for his Dominican girlfriend."

**Response:** Plaintiff has no documents related to this request. Statements made by Dendy were verbal.

48. **DOCUMENT REQUEST NO. 48.** Produce all documents concerning the allegations in Paragraph 34 of the Complaint that "Jennifer communicated that she

did not want to be involved in any of this, and plaintiff has not received any overtime from Jennifer up to this date."

**Response:** Plaintiff has no documents related to this request. Communication with Jennifer was verbal.

49. **DOCUMENT REQUEST NO. 49.** Produce all documents concerning the allegations in Paragraph 34 of the Complaint that "[Plaintiff] filed [a] grievance with Shelton Gray;" that Gray "never filed the grievance;" that "Gray said it was not filed because it was not notarized," and that Dendy "told Gray not to file the grievance."

**Response:** Plaintiff has no documents related to this request. Communication with Shelton Gray was verbal.

50. **DOCUMENT REQUEST NO. 50.** Produce all documents concerning the allegations in Paragraph 35 of the Complaint that Plaintiff "refused to talk to [Dendy] and avoided him" and that Dendy "was told to vacate any of the premises where plaintiff worked."

**Response:** Plaintiff has no documents related to this request. Communication to plaintiff was verbal.

51. **DOCUMENT REQUEST NO. 51.** Produce all documents concerning the allegations in Paragraph 37 of the Complaint that "Amtrak and [Dendy] discriminated against [Plaintiff] on the basis of her gender by making her deserved overtime contingent upon having a sexual relationship with [Dendy]" and that "Amtrak and [Dendy] thereafter retaliated against [Plaintiff] when she refused to have a sexual relationship with [Dendy]."

**Response:** Plaintiff has no documents related to this request. Communications regarding this request was verbal.

52. **DOCUMENT REQUEST NO. 52.** Produce all documents concerning the allegations in Paragraph 37 of the Complaint that "Amtrak through its agents, servants, employees, and/or associates aided and abetted the discrimination and retaliation by [Dendy] by failing to take reasonable measures to protect [Plaintiff] from, and condoning, the unlawful conduct."

**Response:** Plaintiff has no documents related to this document request. Amtrak failed to

timely investigate plaintiff's claims.

53. **DOCUMENT REQUEST NO. 53.** Produce all documents concerning the allegations in Paragraph 37 of the Complaint that "Amtrak through its agents,

servants, employees, and/or associates aided and abetted the discrimination and retaliation by [Dendy] by failing to take reasonable measures to protect [Plaintiff] from, and condoning, the unlawful conduct."

**Response:** Plaintiff has no documents related to this document request. Amtrak failed to conduct an investigation of plaintiff's claims until following the filing of this lawsuit.

54. **DOCUMENT REQUEST NO. 54.** Produce all documents concerning the allegations in Paragraph 41 of the Complaint that Dendy "knowingly and willfully violated Title VII and the NYCHRL by engaging in intentional discrimination, harassment and retaliation with malice and reckless indifference to [Plaintiff's] rights."

**Response:** Plaintiff has no documents related to this document request. Dendy's inappropriate and unlawful behavior was purposely not documented by Amtrak once the plaintiff voiced her complaints to HR.

55. **DOCUMENT REQUEST NO. 55.** Produce all documents concerning the allegations in Paragraph 42 of the Complaint that "[a]s a direct and proximate result of Defendant [Dendy's] conduct, [Plaintiff] has suffered damage to her career path, adverse job consequences, including economic damages, and continues to suffer damages, including severe mental, physical and emotional stress, pain and suffering, anxiety, stress, humiliation, personal sickness, loss of enjoyment of life and damage to her reputation and career."

**Response:** Plaintiff has no documents related to this document request.

56. **DOCUMENT REQUEST NO. 56.** Produce all documents and any other tangible items that Plaintiff removed from Amtrak's premises, or received in connection with her employment with Amtrak, that she has not returned, or that are presently in her care, custody or control.

**Response:** Plaintiff has no documents related to this document request.

57. **DOCUMENT REQUEST NO. 57.** Produce all photos or images sent or received by Plaintiff during working hours while at Amtrak.

**Response:** This request is overbroad, vague, irrelevant and fails to relate to the claims asserted in plaintiff's Complaint.

58. **DOCUMENT REQUEST NO. 58.** Produce, for inspection, copying/imaging, forensic analysis, and/or testing of any and all of Plaintiffs mobile devices (including

cellular telephones and tablets) and any laptop, desk top, USB drives, iTunes and/or iCloud accounts, or any other electronic devices or storage accounts on which data from mobile devices was backed up or stored (collectively, "electronic storage media"), which Plaintiff owned or used from August 9, 2017 to present. The scope of this request includes, without limitation, any home, personal, or other devices owned or used by Plaintiff on which she created, stored, communicated, or transmitted any relevant data or communications, including but not limited to: (1) any and all personal cell phones or tablets on which Plaintiff has sent or received electronic mail, text messages and/or other electronic communications, such as instant messages, related to Defendant, Plaintiffs employment with Amtrak, current or former Amtrak employees, Plaintiffs allegations asserted in this lawsuit, Defendants' defenses asserted in this lawsuit, and/or the damages alleged in this lawsuit, from August 9, 2017 to present; (2) any personal computer on which Plaintiff has sent electronic mail or other electronic communications, created or stored documents, or conducted VoIP conversations related to related to Defendant, Plaintiffs employment with Amtrak, current or former Amtrak employees, Plaintiffs allegations asserted in this lawsuit, Defendants' defenses asserted in this lawsuit, and/or the damages alleged in this lawsuit, from August 9, 2017 to present; (3) any personal computer to which Plaintiff connected her personal cell phone, smartphone, and/or tablet; (4) any personal computer, cell phone, smartphone, tablet, or other device Plaintiff used to access an iPhone or iCloud account(s) or any other backup service; (5) any personal computer, other device, and/or storage or cloud account Plaintiff used to back-up her personal cell phone or tablet data; and/or (6) any personal computer, other device, or storage account Plaintiff used to back-up her cloud account data (including, but not limited to her iCloud account data). The preceding examples are not intended as limitations and this request is to be read as broadly as permitted by the Federal Rules of Civil Procedure. Defendant and its counsel offer to enter into a protocol agreement with Plaintiff and her counsel pertaining to the handling and access of such electronic media.

**Response:** Plaintiff objects to this entire document request as overbroad, vague and irrelevant. This request does not set forth a single specific timeframe or material related to the clams made in the Complaint. Requests for plaintiff's "mobile devices (including cellular telephones and tablets) and any laptop, desk top, USB drives, iTunes and/or iCloud accounts, or any other electronic devices or storage accounts on which data from mobile devices was backed up or stored (collectively, "electronic storage media"), which Plaintiff owned or used from August 9, 2017 to present," is a thinly veiled fishing expedition. Furthermore, request documents for Plaintiff's employment with Amtrak, current or former Amtrak employees, failed to specify a timeframe regarding their request, failed to identify specific persons who they have named as "Amtrak employees." Plaintiff is not withholding any responsive materials based on this objection.

59. **DOCUMENT REQUEST NO. 59.** All documents evidencing the agreement between Plaintiff and her lawyer for payment of her lawyer's fees, costs, and disbursements in connection with this action.

Response: If plaintiff wins her sexual harassment case, she will be entitled to attorneys' fees and the costs of the suit, such as filing fees. A court will likely require plaintiff's counsel to provide a statement of her fees to make sure the fees are reasonable. Material is being withheld based on this objection.

60. **DOCUMENT REQUEST NO. 60.** Produce all documents not specifically requested above concerning the allegations in the Complaint, the subject matter of this action, the claim or defenses in this action, and/or the alleged injuries in this action.

Response: Plaintiff objects to this document request as overbroad, vague and irrelevant. Plaintiff has provided all documents in her possession relative to the allegations in the complaint; should any other or further documents become available plaintiff will produce those documents accordingly.

Plaintiff reserves the right to supplement this Document Production Request should any documents come into her possession during the course of this litigation.

Dated: Hollis, New York
November 23, 2019

_____
RÉNÉ MYATT, ESQ.
*Attorney for Plaintiff*
**MARJAY VANCEACH**
204-04 Hillside Avenue, 2nd Floor
Hollis, NY 11423
(718) 468-3588
myattlegal@aol.com

TO:   LITTLER MENDELSON, P.C.
*Attorneys for Defendant*
**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a/ AMTRAK**
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
rgidseg@littler.com

kspina@littler.com

PAWAR LAW GROUP, P.C.
Robert Blossner and Vik Pawar, Esqs.
*Attorneys for Defendant*
**TIMOTHY DENTY**
20 Vesey Street, Suite 1210
New York, NY 10007
(212) 571-0805
vik@pawarlaw.com